IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATHAN SCHIBLINE                                                    PLAINTIFF

                    v.              Civil No. 5:22-cv-05226


RODNEY DEWAYNE THOMAS, Inmate;
CORRECTIONAL OFFICER ZIMMERMAN;
CORPORAL CARPENTER; and CORPORAL
CODY REX                                                          DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Nathan Schibline, currently incarcerated in the North Central Unit of the Arkansas Division of Correction ("ADC"), filed this civil rights action under 42 U.S.C. § 1983. Plaintiff's claims stem from a period of incarceration at the Washington County Detention Center ("WCDC"). Specially, Plaintiff contends that Officer Zimmerman, Corporal Carpenter, and Corporal Rex failed to protect him from a substantial risk of harm and failed to follow the regulations of the Prison Rape Elimination Act ("PREA"). These actions were alleged to have occurred after Plaintiff was brutally attacked by his cellmate, Rodney Thomas ("Thomas").

Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 9) under 28 U.S.C. § 1915(e)(2).   Pursuant to § 1915(e)(2), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee

1

of a governmental entity.

## I.      BACKGROUND

According to his Amended Complaint (ECF No. 9), on January 15, 2020, Plaintiff was "over-powered and sexually assaulted" by Thomas, his cellmate, while housed on N-block.   *Id.* at 4.   Plaintiff alleges he suffered physical and psychological injuries as a result.   *Id.*   Thomas was subsequently convicted of the assault and sentenced to a period of imprisonment in the ADC. *Id.*

Plaintiff complains about Defendants' post-assault actions and inactions. Plaintiff says that on January 16, 2020, he alerted Officer Zimmerman several times that he had been sexually assaulted. (ECF No. 9 at 6). Plaintiff says that "Officer Zimmerman ignored [his] pleas for help due to a sexual assault." *Id.*   Plaintiff asserts failure to protect and negligence claims. Plaintiff says Corporal Carpenter sent him back into N-block for twenty minutes after Plaintiff notified him of the sexual assault. (ECF No. 9 at 8). Plaintiff alleges Corporal Carpenter put him at risk and failed to follow the protocols established by the Prison Rape Elimination Act ("PREA"). *Id.* Plaintiff then alleges Corporal Rex placed him back in general population during the investigation of the sexual assault. *Id.* Plaintiff says he feared for his life and did not feel safe. *Id.* Plaintiff asserts failure to protect, violations of PREA policy, and negligence claims.

## II.      APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

#### A.   Claims against Rodney Thomas

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). For a private individual to be considered to act "under color" of law "[i]t is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting . . . 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). With respect to Thomas, there are no allegations in the Amended Complaint suggesting that Thomas was

3

participating in any joint action with the remaining Defendants and thus, the claims against him are subject to dismissal.

## B.  PREA Claims

Plaintiff's claims based on alleged violations of the PREA are also subject to dismissal as the PREA does not provide a private cause of action. *See e.g., Kreig v. Steele,* 599 Fed. Appx. 231, 232 (5th Cir. 2015); *Wilmoth v. Sharp,* Case No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018); *Green v. Martin,* 224 F. Supp. 3d 154, 171 (D. Conn. 2016).

## C.  Failure to Protect Claims

Plaintiff's failure to protect claim requires a showing that the defendant official was "deliberately indifferent to a substantial risk of harm" to the plaintiff and failed to protect him. *Edwards v. Byrd,* 750 F.3d 728, 733 (8th Cir. 2014).   Thus, "[a] failure to protect claim has two elements. First, 'the inmate must show he [was] incarcerated under conditions posing a substantial risk of serious harm.'   Second, the inmate must show that the official knew of and disregarded the risk to the inmate's safety." *Glaze v. Byrd,* 721 F.3d 528, 531 (8th Cir. 2013) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

Plaintiff does not allege that any of the named detention officials were present during Thomas' actual attack or were aware of a substantial risk of harm prior to Thomas' attack. *See e.g., Williams v. Mueller,* 13 F.3d 1214, 1216 (8th Cir. 1994) (holding that a "prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of the assault and fails to intervene or otherwise act to end the assault").   Rather, Plaintiff premises his failure to protect claims on the actions (or inactions) taken after the attack – officers ignoring his requests for help, placing him back in N-block for twenty minutes, and later placing him in general

population while they investigated the allegations. While Officer Zimmerman's actions in failing to immediately get Plaintiff help were unprofessional, unkind, and reflected a complete lack of human compassion, the allegations do not suggest Officer Zimmerman was deliberately indifferent to a substantial risk of harm to Plaintiff. *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007) ("An official is deliberately indifferent if he or she **actually knows of the substantial risk** and fails to respond reasonably to it") (emphasis added).

Plaintiff does not allege that Thomas was still within N-block when Corporal Carpenter returned Plaintiff to the N-block for those twenty minutes, and Plaintiff does not allege he came into post-assault contact with Thomas on N-block. While it may have been inadvisable for Corporal Carpenter to briefly return Plaintiff to N-block, there are no allegations suggesting Corporal Carpenter was aware of a substantial risk of harm, knew of it, and disregarded it. Similarly, with respect to Corporal Rex, the Amended Complaint does not allege that placing Plaintiff in general population exposed Plaintiff to a substantial risk of harm.   While Plaintiff alleges he subjectively feared for his life, he does not allege he was threatened by words spoken to him, or by the tone of words spoken; by another inmate's physical presence or proximity to him; or by the post-assault actions of any person.   In short, there are no allegations suggesting that Corporal Rex had actual knowledge of a substantial risk of harm to Plaintiff and deliberately disregarded it. No plausible failure to protect claims are stated.

### D.   Negligence Claims

Taking Plaintiff's allegations against the detention officials as true, their conduct does not rise to the level of a constitutional violation. While Officer Zimmerman's and Corporal Carpenter's alleged misconduct "certainly points to negligence, and quite possibly even gross

negligence," it is insufficient "to rise to the level of a constitutional wrong."   *Tucker v. Evans*, 276 F.3d 999, 1001-02 (8th Cir. 2002).   Similarly, Corporal Rex's act of placing Plaintiff in general population when Plaintiff was still fearful amounts to no more than negligence or gross negligence.   Negligent conduct simply does not violate the constitution even when the conduct can be characterized, as it can be here, as compassionless. *Id.*

### E.  Official Capacity Claims

A plaintiff may bring a § 1983 claim against a public official acting in his individual capacity, his official capacity, or both.   *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Here, Plaintiff has sued Defendants in both capacities. An official capacity claim is considered a claim against the governmental entity, here, Washington County.   *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012).   To prevail on an official capacity claim, Plaintiff must establish Washington County's liability for the alleged misconduct.   *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

There are three ways in which Plaintiff may prevail on the official capacity claims. Municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

At the pleading stage, "[a]t a minimum, a complaint must. allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). "The deficiency in [the Amended Complaint] is the complete absence of allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or

custom" of Washington County. *Id.; see also Ulrich v. Pope Cnty,* 715 F.3d 1054, 1061 (8th Cir. 2013) ("Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983").

Here, at most, Plaintiff has alleged that the detention center officials failed to follow their own PREA policies. Importantly, Plaintiff does not allege the PREA policies of Washington County are unconstitutional. Failure to adhere to a policy is the opposite of establishing the *existence* of an unconstitutional policy or custom.

The final method by which Plaintiff could establish Washington County's liability is by establishing a failure to train or supervise. The Amended Complaint contains no allegation suggesting that Washington County "adopted deficient supervision and training practices with deliberate indifference to the constitutional rights of others, and that the training practices were the product of the County's deliberate and conscious choices." *Ulrich,* 715 F.3d at 1061. For these reasons, no official capacity claims are stated.

## IV.    CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of December 2022.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE