IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NATHAN SCHIBLINE**                                                              **PLAINTIFF**

V.                             **CASE NO. 5:22-CV-05226**

**RODNEY DEWAYNE THOMAS, Inmate;**
**CORRECTIONAL OFFICER ZIMMERMAN;**
**CORPORAL CARPENTER; and**
**CORPORAL CODY REX**                                                          **DEFENDANTS**

## OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 10) filed on December 14, 2022, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. Magistrate Judge Comstock performed a preservice screening of the Amended Complaint under 28 U.S.C. § 1915(e)(2) and now recommends dismissing the case for failure to state any plausible claims. Mr. Schibline filed objections to the R&R (Doc. 11) on December 27, 2022. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* as to all proposed findings and recommendations to which objections were raised.

According to the Amended Complaint (Doc. 9), Mr. Schibline was sexually assaulted at the Washington County Detention Center ("WCDC") by a fellow inmate, Defendant Rodney Dewayne Thomas. Mr. Thomas was convicted of the sexual assault and was sentenced to a term of imprisonment at the Arkansas Department of Correction. The other Defendants in the case are WCDC correctional officers Zimmerman, Carpenter, and Rex. Though Mr. Schibline does not contend these officers knew about the sexual assault while it was going on, he faults them for their actions after the assault.

1

Specifically, Mr. Schibline alleges that immediately after the assault and throughout the WCDC's investigation, Mr. Schibline lived in fear that he would be attacked again by Mr. Thomas or by other inmates.

Mr. Schibline's objections recount in detail the events surrounding the sexual assault and its aftermath. The Court has carefully examined these facts and compared them to those that appear in the Amended Complaint. Though the facts set forth in the objections are more fulsome than those in the Amended Complaint, there is nothing incorrect about the R&R's recitation of the relevant facts. However, the Court has reconsidered the R&R's analysis of each cause of action in light of the "fuller facts" Mr. Schibline states in his objections.

First, with regard to the claims against Defendant Thomas under 42 U.S.C. § 1983, the Court agrees with the Magistrate Judge that they are subject to dismissal, as Mr. Schibline does not allege that Mr. Thomas was acting under color of state law at any time before, during, or after the sexual assault.

Second, Mr. Schibline's claim regarding the correctional officers' alleged violation of the Prison Rape Elimination Act (PREA) or the WCDC's policy concerning the PREA is also subject to dismissal. The PREA does not provide a private right of action to an inmate.

Third, Mr. Schibline's failure-to-protect claim is subject to dismissal. Mr. Schibline asserts that the correctional officers he names in the Amended Complaint failed to adequately protect him after the sexual assault. Mr. Schibline feared retaliation from Mr. Thomas and both intimidation and violence from other inmates in the weeks and months after the attack. In particular, he blames the correctional officers for: (1) initially ignoring

2

his requests for help; (2) placing him back in the same housing unit where the attack took place for a 20-minute period of time; and (3) housing him in "general population" for long periods of time while the WCDC investigated the attack. Assuming these facts are true, they still do not suggest that the correctional officers both knew of and disregarded a substantial risk to Mr. Schibline's safety after the attack—even if Mr. Schibline subjectively feared he would be attacked again. A plausible failure-to-protect claim requires facts to show that a correctional officer or officers knew of a substantial risk that an inmate would suffer serious harm. *See Edwards v. Byrd*, 750 F.3d 728, 733 (8th Cir. 2014). Though Mr. Schibline's safety may have been at risk after he reported the sexual assault, and though he may have feared further attacks, there are no facts to suggest the correctional officers knew of a planned attack and disregarded it or placed Mr. Schibline in the same cell as Mr. Thomas after the attack. Furthermore, Mr. Schibline was never attacked again by another inmate, according to his recitation of the facts. Ultimately, if the Court assumes that all officers named in the Amended Complaint behaved negligently with regard to Mr. Schibline's welfare and well-being after the attack, the law is clear that negligent conduct alone does not violate the Constitution. *See Tucker v. Evans*, 276 F.3d 999, 1001–02 (finding that a correctional officer's failure to properly inspect the jail, supervise inmates in their barracks, and assist an inmate following an attack "point[] to negligence, and quite possibly even gross negligence, but that is insufficient to prove a violation of [an inmate's] constitutional rights").

Fourth and finally, the Court agrees with the Magistrate Judge's reasoning in recommending the dismissal of Mr. Schibline's official-capacity claim. The objections to the R&R fail to engage with the Magistrate Judge's analysis with respect to this claim.

Further, although Mr. Schibline correctly notes that Defendant Thomas was the subject of two prior PREA investigations, neither investigation placed the WCDC on notice that Mr. Thomas posed a substantial risk to inmate safety. The first PREA complaint, which was lodged in April 2019, was soon withdrawn by the complaining inmate, and the second PREA complaint, which was submitted in August 2019, was found unsubstantiated. Accordingly, when Mr. Schibline was sexually assaulted in January 2020, Mr. Thomas was not the subject of any pending PREA investigation and had not been found guilty of any PREA offense.

**IT IS THEREFORE ORDERED** that the objections are **OVERRULED** and the R&R **ADOPTED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.[1]

**IT IS SO ORDERED** on this 9th day of January, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines the Magistrate Judge's recommendation to place a § 1915(g) strike flag on this case. The Clerk of Court is therefore directed *not* to place a strike flag on the case following dismissal.